By the Court.
Oakley, Ch. J.
This was an action brought in the name of tbe people, on an administration bond, against tbe defendants, who were sureties. Administration was granted on tbe estate of Henry Raymond to James Raymond and W. H. Sackett. They proceeded in the administration of tbe estate, and not managing it satisfactorily to tbe widow, she presented her petition to tbe surrogate to have them account. The accounting took place, and it resulted in a decree that Sackett had in his possession property of the estate of Henry Raymond, to a large amount; and be was ordered to pay over to tbe widow one-tbird, and the balance to James Raymond bis co-administrator. A demand was made upon Sackett to comply with tbe terms of tbe decree, which be refused, and this suit was instituted. Tbe declaration sets out all tbe proceedings before the surrogate. Tbe defendants allege in their defence that the decree in tbe surrogate’s court grew out of a fraudulent conspiracy between ‘the widow and the two administrators; and that *192 Sackett, being utterly insolvent and irresponsible, suffered judgment to go against him, by default, to a larger amount than was due.
The question to be determined is, whether such a defence can be interposed. We think not. The decree against Sackett was obtained in a competent court, and cannot be impeached in a collateral proceeding. There is a way in which the decree, if it has been obtained through fraud, may be vacated; but that must be by a direct application for the purpose. No judgment rendered in a court of competent jurisdiction can be impeached in a collateral matter for fraud.
Several cases were cited by counsel from the courts of other states, which are said to sustain such a defence. But however the rule may be elsewhere, in reference to this question, it clearly is not the law here.
There were several other questions presented in the case. An offer was made by the'defendant to prove that Fanny Rajunond and James Raymond had, before the decree of the surrogate, agreed with Sackett, the administrator, that he might retain the money in his hands, he paying them interest for it. If such an agreement had any operation, it might have been a reason why the decree should not have been made; but it is clearly no answer to the action on the bond, for the non-performance of it. Such a defence cannot be received without opening the decree.
It was objected, secondly, that the condition of the bond being joint, a separate action against Sackett does not come within it. Although the condition is joint, the obligation of the administrators to account is, in its nature, several, and the decree, therefore, is properly, if not necessarily several.
Thirdly, It was contended that there could be no recovery for the share of the estate belonging to James Raymond, he being one of the defendants, and the action in part being for his benefit. The action is on the bond, in the name of the people, the obligees. And the recovery must be for the amount of the money in the hands of the defaulting administrator, according ■to the decree, without reference to the rights of tiie parties ulti *193 mately claiming it. When the money comes into the surrogate’s court, questions may arise as to the disposition of it, which cannot properly be considered here.
The motion for a new trial must be denied.